IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IVETTE MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 6699 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ivette Mercado suffered an infection after her physician inserted a Mirena intrauterine device, a contraceptive device manufactured and sold by defendant Bayer Healthcare Pharmaceuticals Inc. ("Bayer"). Plaintiff filed this products liability action against defendant, asserting claims of strict products liability, negligence, breach of express and implied warranty and misrepresentation. Defendant has moved to dismiss six of the complaint's seven counts for failing to state a claim under Rule 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

I.  BACKGROUND

Mirena is a T-shaped polyethylene frame with a steroid reservoir that releases levonorgestrel, a prescription medication used as a contraceptive. (Am. Compl. ¶ 6.) In the fall of 2013, plaintiff's physician inserted a Mirena into plaintiff. (*Id.* ¶ 15.) Just a couple of weeks later, plaintiff returned to her physician complaining of lower abdominal pain, and the physician prescribed antibiotics for suspected pelvic inflammatory disease. (*Id.* ¶ 17.) Plaintiff's condition did not improve, and on December 3, 2013, plaintiff was admitted to the intensive care unit at

Advocate Lutheran General Hospital. (*Id.* ¶ 18.) She developed toxic shock syndrome due to Group A Streptococcus (*id.*), and her Mirena was removed on December 7, 2013. (*Id.* ¶¶ 18-19.)

Plaintiff alleges that the Mirena label does not warn about the possibility of developing toxic shock syndrome (*id.* ¶ 8) or other risks (*id.* ¶¶ 11-12), defendant failed to alter the product packaging in response to reports of abdominal pain and pelvic pain in women who had had Mirenas inserted (*id.* ¶ 9), and defendant failed to warn of the risks associated with Mirena (*id.* at ¶¶ 20-21).

Plaintiff's complaint contains seven counts: strict liability defective manufacturing (Count I), design defect (Count II), failure to warn, (Count III), negligence (Count IV), breach of express warranty (Count V) [1], breach of implied warranty (Count VI), and misrepresentation and concealment (Count VII). Defendant has moved to dismiss all but Count III, the failure to warn count.

## II. LEGAL STANDARDS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted).

Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] Plaintiff has numbered both her breach of express warranty count and her breach of implied warranty count as "Count VI." Where it is necessary to refer to the counts by number, the Court will refer to the express warranty count as "Count V" because it is the fifth count in sequence.

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

### III. DEFECTIVE MANUFACTURING, DESIGN DEFECT, NEGLIGENCE, BREACH OF IMPLIED WARRANTY

Defendant contends that plaintiff's claims of strict liability defective manufacturing (Count I) and design defect (Count II), negligence (Count IV), and breach of implied warranty (Count VI) must be dismissed because they are merely formulaic recitations of elements, unadorned by specific facts. The Court agrees.

These claims require plaintiff to allege, among other elements, that there was an unreasonably dangerous defect in the product (Counts I and II); defendant proximately caused plaintiff's injury by breaching a duty (Count IV); or the product was not of merchantable quality and not fit for the ordinary purposes for which the product is used (Count IV). Plaintiff never so much as hints at what the defect was in the Mirena that caused plaintiff's infection and related injuries. This deficiency is fatal to these claims.

Without any factual allegations at all relating to a particular condition, quality or attribute of the product that caused the injury, the Court cannot infer "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. It appears to be as likely that the infection was due to negligence on the part of the inserting physician or the staff of the facility where the Mirena was

3

inserted as it is that the infection was due to any negligence on the part of defendant or due to some condition or quality of the product that makes the defendant liable in strict liability or for breach of the implied warranty of merchantability. Based on these sparse factual allegations, plaintiff's injury is "just as much in line" with alternative explanations that have nothing to do with defendant as with her claim that her injury was caused by the Mirena, *see Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 554). In pleading Counts I, II, IV and VI, plaintiff has not raised her "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These counts are dismissed.

## IV.   MISREPRESENTATION (COUNT VII)

Plaintiff also alleges that defendant had knowledge of certain risks posed by use of Mirena, including the risk of pelvic pain and inflammation; that defendant concealed safety issues with Mirena to induce physicians and patients to use it; and that "Plaintiff and Plaintiff's healthcare providers relied upon Defendant's representations to them that Mirena was safe for human use and that the Defendant's labeling, advertising, and promotions fully described all known risks of Mirena," (Am. Compl. ¶ 87). Defendant claims that these allegations do not specify the time, content, and place of any alleged misrepresentations, and therefore do not meet the requirements of Rule 9.

The Court agrees with defendant that Count VII is not clearly or precisely drafted and plaintiff seems at times to base her misrepresentation claim at least partially on unspecified misrepresentations, in violation of Rule 9. However, in her response brief, plaintiff states that "these alleged misrepresentations were placed on the labels and packaging of the product." (Resp. at 10.) To the extent that plaintiff is clarifying that the "misrepresentations" she is referring to were made within the labeling and packaging of the product, the Court concludes that the allegations of Count VII are made with sufficient particularity to survive a motion to

dismiss. To the extent that the "misrepresentations" she refers to in her complaint are made somewhere other than in the labeling, packaging and package inserts, Count VII is dismissed with leave to amend so that plaintiff can provide the "who, what, where, when and how" of the alleged misrepresentations. *See Bank of Am., N.A., v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

## V. BREACH OF EXPRESS WARRANTY (COUNT V)

Defendant claims that plaintiff's express warranty claim must be dismissed both because plaintiff has no contractual privity with defendant and because plaintiff does not allege with any specificity what "affirmation, promise, description or sample formed part of the basis of the bargain," much less what the exact terms of the express warranty were. (Mem. Supp. Mot. Dismiss at 9-10 (citing *Heisner ex rel. Heisner v. Genzyme Corp.*, No. 08-C-593, 2008 WL 2940811, at *8-9 (N.D. Ill. July 25, 2008)).

The Court is inclined to agree, and plaintiff makes no argument to the contrary; her response brief omits any mention of her express warranty claim. Because plaintiff apparently concedes that she has failed to state a claim for breach of an express warranty, Count V is dismissed.

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part defendant's motion to dismiss [21]. Counts I, II and IV-VI are dismissed without prejudice. Count VII survives to the extent that it is based on misrepresentations made by defendant on Mirena's labeling or packaging, but is otherwise dismissed without prejudice.

**SO ORDERED.**

                                             **ENTERED: June 5, 2015**

                                             **HON. JORGE L. ALONSO**
                                             **United States District Judge**